## SCHAENGOLD v DICK, et

Ohio Appeals, 1st Dist, Hamilton Co
No 3527.   Decided Dec. 30, 1929

Strother, Greenberg & Schubert and Miss Vera A. Woeste for Schaengold.

Julius R. Samuels, Cincinnati, for Dick, et.

HAMILTON, J.

The record discloses that on August 1, 1928, the defendants tendered to the plaintiff, in the office of the plaintiff's counsel, a deed to the property, together with the calculated balance due on the mortgage to the Savings & Loan Association, and demanded payment of the balance of the purchase price.   Plaintiff refused to proceed, and demanded the $1000.00 deposit, for the reason that the title to the property was not clear.   There is some dispute in the evidence as to just what was said, but the trial court could well conclude from the evidence that such tender was made.

It appears that there were some actions in the court of common pleas in the foreclosure of mechanics' liens, and for personal judgments, but the record discloses that the mechanics' liens had been cancelled of record more than a year prior to the

making of the contract in question. It also discloses that these judgments had been paid, but that no formal entry of satisfaction had been placed on the record. Ten days later, the defendants placed of record satisfaction of the judgments which had long since been paid. Three days after the entering of the satisfaction of the judgments, defendants again tendered a deed, with the caculated balance due the Savings and Loan Association, but performance was refused by the plaintiff.

Disposing of the judgments, it is sufficient to say that the judgments not being enforceable against the property, were but clouds on the title at the time of the tender of August 1, 1928, and could not be considered as an incumbrance thereon, and would, therefore, not affect the merchantability of the title. It was therefore not an incumbrance which would justify the plaintiff in refusing performance on the question of the title as affected by these judgments.

Neither would the mortgage excuse performance when it was presented that sufficient of the purchase money was to be alloted to the discharge of the mortgage held by the Savings and Loan Association. The evidence is sufficient to show that this mortgage was to be taken care of in the closing of the transaction.

It is argued by counsel for plaintiff in error that time is of the essence of this contract, and that no clear, free, and unincumbered title being presented within the 60 days provided in the contract, that any tender subsequent thereto was of no avail.

If the tender of August 1st could be questioned this would not relieve the plaintiff from performance, since under the law time could only be made of the essence of the contract by the express agreement of the parties, or by circumstance, or by length of time which would make it inequitable to compel specific performance.

There is no provision in this contract expressly making time of the essence thereof ,nor do we find in the record any circumstances which would change the situation. In courts of law time is always considered as of the essence of all contracts, but in equity this is not so, and under the equitable rule, time is not of the essence of this contract. Therefore, the tender of August 13th would be sufficient, if the tender of August 1st could be questioned.

It has been decided and is the law that a mortgage, to be taken care of out of the purchase money, is not an obstacle to specific performance of a contract. It has also been held that if the parties are able to present a good title at the time of the decree, specific performance will be decreed. It has been held that where there are liens to be discharged, same may be provided for in the decree. The extent to which courts will be authorized to give the relief of specific performance is shown in the case of **Richards v. Doyle, 36 Oh St 37.** The case here warranting a decree of specific performance is much stronger than in the case of Richards v. Doyle. We, therefore, hold that the defendants, on their cross-petition, are entitled to a decree of specific performance under the facts in the case, and it was properly granted. However, the decree provides:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff shall within fifteen days from date hereof pay to the defendants the balance of the purchase price of said property due under the contract entered into between plaintiff and defendants to-wit: Nineteen Thousand Dollars ($19,000.00) together with interest at the rate of six per cent per annum from the 2nd day of August 1928 until paid, less a deduction for the amount due The Eagle Savings & Loan Association on the mortgage held by it on the property aforesaid, which latter amount due The Eagle Savings & Loan Association shall be paid to it by said plaintiff, in extinguishment of said mortgage."

It will be noted in this paragraph of the decree the court gives a decree for interest on the balance of the purchase money from the date of the tender, from the 2nd day of August, 1928 until paid. This part of the decree would give to the defendants interest on the unpaid balance and at the same time possession of the property for the period, and any income derived therefrom. We know of no rule of law or any decisions which go this far. It would seem inequitable for the defendants to have the property, and at the same time receive interest on the full value thereof, as interest on money.

The only relief asked by the defendants in the cross-petition, is specific performance of the contract and that is all they are entitled to. In other words, upon the delivery of the deed, they are entitled to have the balance of the purchase price, less the amount required to discharge the mortgage held by the Savings and Loan Association.

The decree may therefore, be modified, eliminating the question of interest, and, as so modified, will be affirmed.

Cushing, PJ, and Ross, J, concur.