BECK ET AL. *v.* EDER ET AL.

(Decided September 26, 1933.)

*Messrs. Weldon & Huston* and *Mr. Joseph Bayer,* for plaintiffs.

*Mr. Van C. Cook,* for defendants.

SHERICK, P. J. The defendants, John Eder and wife, appeal this cause from a judgment adverse to their claims. The plaintiffs, Frank Beck and wife, as the vendors, plead for a money judgment and the specific performance of a contract for the sale of real estate as against the defendants Eder, who are the vendees therein.

The vendees counter the vendors' suit by a cross-petition, and aver that the plaintiffs never offered to convey the premises to them free and clear of all incumbrances, and to furnish a certificate showing good title in them, as prescribed by the contract, and that such failure to perform these conditions releases the vendees therefrom. They therefore pray for a rescission of the contract and for a judgment against the vendors for such purchase moneys, interest and taxes as have been paid, plus the cost of improvements made by them to the premises, less the reasonable rental value thereof.

The cause is tried in this court upon an agreed statement of facts. The pertinent parts thereof are as follows: About two years prior to the execution of the contract the plaintiffs mortgaged the contracted property along with two other tracts to the Mansfield Building & Loan Association, and on this is now due and unpaid the sum of $2,100, with 6 per cent. interest from July 1, 1932. The defendant vendees have made valuable and substantial payments on the property, but are now and have been in default on their monthly contract payments since June, 1931, and they have also failed to pay certain taxes agreed by them to be paid.

The defendant vendees have continued and are now in possession of the premises.

On June 11, 1932, the vendors tendered the vendees a warranty deed for the premises, and on said day the vendees were unable to pay the balance of the purchase price. On July 2, thereafter, this action was commenced. At the trial in this court the plaintiffs again make tender of a warranty deed, a certificate of title, and an offer by the loan company to release the mortgage on the contracted premises for the sum of $1,100. The balance owing by the vendees on the contract of purchase is $2,254.30, plus delinquent taxes, which sums they do not now offer to pay.

It should perhaps be stated that although this is an installment contract, an acceleration clause is embodied therein. It also contains a forfeiture clause in favor of the vendors, and a defeasance clause to be exercised at vendors' option.

It is evident from this state of facts that one of the parties to this agreement must suffer a considerable loss if the prayer of the other be granted. We well know that the difficulty behind this suit is the depression, with its resultant depreciation in land values. However, we know of no adequate or just reason why this cause should be determined by any rule other than the well-settled doctrines of equity. It is not the province of this court to rewrite this contract or to disregard its plain provisions knowingly entered into.

To our minds the plaintiffs in this action are entitled to the relief prayed for, subject, of course, to the lien of the loan association. We now propose to state the reason therefor, and to direct attention to the authorities that sustain the view announced.

It may first be stated that the plaintiffs did in the court below, and do in this court, stand ready and willing to perform the contract. They here make tender of a proper deed and certificate of title. They are only found wanting in a release of the mortgage. On

the other hand, the vendees, since June of 1931 are in default on the contract and have permitted the taxes to become delinquent. They claim a rescission of the contract, but remain in possession of the premises and have paid no rent therefor. They confess their inability and unwillingness to pay. The entire claim of the defendants, we believe, may be incorporated in a statement to this effect. The vendors have not procured a cancellation of the mortgage, and cannot, therefore, give us good title; hence we rescind the contract. This presents the question: Were the vendors required to procure a cancellation under these conditions?

If the vendors were required to have procured a cancellation of the mortgage, it would have been the doing of a vain thing, which equity does not demand. The vendees admit their inability to pay, and confess, by their claim of rescission, their intention not to do so. Had the vendees stood by their bargain, the $1,100 due the loan association might easily have been paid out of the balance due the vendors, and the mortgage have thus been discharged. But to require the vendors to first pay off the mortgage, well knowing that the vendees could not or would not pay the balance due, might work a further hardship upon them.

Pomeroy, in his work on Equity Jurisprudence (3d Ed.), volume 6, page 1331, Section 809, says: "In general, the rules of equity concerning the necessity of an *actual* tender are not so stringent as those of the law. * * * An actual tender by the plaintiff is unnecessary when, from the acts of the defendant or from the situation of the property it would be wholly nugatory. Thus if the defendant has openly refused to perform, the plaintiff need not make a tender or demand; it is enough that he is ready and willing, and offers to perform in his pleading."

In the early case of *Brock* v. *Hidy, Jr.,* 13 Ohio St., 306, Ohio subscribed to the rule as announced by Pome-

roy, wherein it is held: "As a general rule, a vendee of land, seeking to enforce a specific performance by the vendor, must tender or bring into court the amount due on the purchase money; but where the vendor denies the obligation of the contract, attempts to rescind it, resumes possession of the land, and is in the receipt of the rents and profits thereof, he may maintain his action without such tender."

This rule is not unknown to the law, and we find expression thereof in *Manhattan Life Ins. Co.* v. *Smith,* 44 Ohio St., 156, at page 171, 5 N. E., 417, 58 Am. Rep., 806, where the court quotes from *Isham* v. *Greenham,* 1 Handy, 357, 12 Dec. Rep., 182: "On general principles, whenever the act of one party to whom another is bound to tender money, services, or goods, indicates clearly that the tender, if made, would not be accepted, the other party is excused from the technical performance of his agreement. The law never requires a vain thing to be done."

We find the last-quoted statement again employed in *W. & L. E. Ry. Co.* v. *Stewart, Treas.,* 13 C. C., 359, 372, 7 C. D., 193. See, also, 9 Ohio Jurisprudence, 495, Section 258. Our attention is directed by counsel to the case of *Eleventh St. Church* v. *Pennington,* 18 C. C., 408, 10 C. D., 74. This again is a suit in equity for specific performance, but sought in that instance by the vendor. The fifth paragraph of the syllabus reads: "Where, in a contract of sale of reality [realty] it is obvious from the actions of the proposed buyer that he will not accept a conveyance of the title, a tender of a deed by the vendor would be a useless ceremony, and such tender is not necessary to entitle the vendor to sue on the contract for specific performance."

The case of *Schaengold* v. *Dick,* 36 Ohio App., 78, 172 N. E., 839, is very much like the action before this court. Therein rescission was claimed for the reason that an outstanding mortgage had not been cancelled. In view of the fact that several of plaintiff's counsel

appear also as counsel for the loan association herein, and file its offer, with the deed and certificate tendered, to accept the sum of $1,100 for the discharge of its mortgage, an excerpt from that case, wherein specific performance was decreed, is most apropos: "Neither would the mortgage excuse performance when it was presented that sufficient of the purchase money was to be allotted to the discharge of the mortgage held by the Savings & Loan Association. The evidence is sufficient to show that this mortgage was to be taken care of in the closing of the transaction."

Without question the defendants could have insisted upon this being done. Had the vendors refused, the vendees would have been excused from performance. The court further says in *Schaengold* v. *Dick, supra,* at page 82: "It has been decided, and is the law, that a mortgage, to be taken care of out of the purchase money, is not an obstacle to specific performance of a contract."

Both reason and precedent require that a decree be entered for the plaintiffs against the vendees, as prayed for, subject to the claim of the loan association, which is accordingly done; and the cause is remanded to the court of common pleas for compliance herewith.

*Decree for plaintiffs.*

LEMERT and MONTGOMERY, JJ., concur.