the judgment preclude the application of the provisions of Sections 5398-2 and 5398-3, General Code, to the facts appearing in the instant cases.

The writs are denied and petitions dismissed.

*Writs denied.*

MILLER and WISEMAN, JJ., concur.

BOCKSTIEGEL, APPELLEE, *v.* HIX, APPELLANT.

(No. 6677—Decided June 24, 1946.)

*Mr. W. W. Davis,* for appellee.
*Mr. Harry Falk,* for appellant.

BY THE COURT. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton county in favor of the plaintiff. A cross-petition of defendant was dismissed. Trial was to the court without a jury. Motion for new trial was duly filed and overruled and final judgment was entered thereafter.

The petition was filed on July 17, 1945.

The action was instituted by the plaintiff to recover a deposit made by her under the terms of a contract by which she agreed to buy and the defendant agreed to sell a certain parcel of real property. It was provided in the contract that the deed from the seller should warrant the title clear, free and unencumbered. The closing date was fixed in the contract as May 20,

1945, and was extended by the purchaser, to June 5, 1945. The plaintiff claimed that defendant refused to convey the property and that she was entitled to the return of her deposit. The trial court so found.

From the bill of exceptions it appears that the trial court was confronted with direct conflict of evidence upon almost every issue presented by the proceedings, in many cases, if not every instance requiring a decision upon the credibility of the witnesses. It would be almost wholly impossible for this court to state any fact which was not the subject of direct conflict of evidence.

For example, there is evidence that plaintiff set a date for the closing of the transaction and the defendant requested more time. This, the defendant vigorously denies. There is evidence that the defendant was ready to close the transaction on May 18, but the plaintiff claims she knew nothing of this.

There is evidence that plaintiff made arrangements by securing loans to meet the purchase price. There is evidence that on May 21, defendant presented a deed to plaintiff and demanded the purchase price, but plaintiff could not at the moment produce the purchase price. There is evidence that this demand was made at the home of plaintiff, after banking hours. There is evidence that the plaintiff had ample money in bank at that time to pay such purchase price. The tender has all the earmarks of a planned attempt by the defendant to secure a breach of the contract by the plaintiff. The contract required a full warranty deed, but a mortgage existed against the property at the time the tender was made. The defendant claimed she presented a statement of the loan at the time. Under *Schaengold* v. *Dick,* 36 Ohio App., 78, 172 N. E., 839, this would not be a ground for refusal to pay the purchase price with allowance for the amount of the un-

paid mortgage. However, on May 22, the defendant through her attorney declared the contract cancelled and void. The defendant claims thereafter she offered to consummate the sale; this the plaintiff denies. And so through the entire record of the evidence this conflict proceeds.

It seems, therefore, that the trial court was justified in concluding that the plaintiff was ready, willing and able to purchase the property; that the defendant was at first not ready to close the transaction and so indicated to the real estate agent who advised her that May 18 was the date selected by plaintiff; that this attitude of defendant was communicated to plaintiff, who believed that a later date would be agreed upon by the parties; that the defendant almost immediately sprung a surprise tender of the deed upon plaintiff at a time and place when she knew plaintiff could not possibly respond and immediately thereafter for her own purposes cancelled the contract; and that the plaintiff, therefore, being ready, willing and able to perform, was entitled to the return of her deposit.

This court, upon the state of the record, cannot say that error, prejudicial to defendant appears in the case, and the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., MATTHEWS and ROSS, JJ., concur in the opinion and judgment.